# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| James M. Jackson, ) | |
| ) | Case No. 19-65790-pmb |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Auto Money Title Pawn, LLC, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| James M. Jackson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## AUTO MONEY TITLE PAWN, LLC'S
## OBJECTION TO CONFIRMATION

Auto Money Title Pawn, LLC ("Movant") objects to confirmation of Debtor James M. Jackson's ("Debtor") proposed Chapter 13 plan, as modified, for the following reasons:

1.

Debtor filed a voluntary petition for relief pursuant to Chapter 13, Title 11, United States Code on October 2, 2019 ("Petition Date").

2.

Debtor executed a Pawn Transaction Ticket dated November 29, 2016 in the principal amount of $6,500.00 in which Debtor accepted a loan from Movant. Debtor secured said loan by granting a security interest in a 2006 Land Rover Range Rover Sport, VIN SALSH23416A927872 (the "Collateral"), and pledged to repay Movant according to the terms set forth therein. A true and complete copy of the Pawn Transaction Ticket is attached as Exhibit A to the *Motion to Modify the Automatic Stay* filed with this Court on December 6, 2019 (Doc. 21) and incorporated herein.

3.

Movant perfected its security interest in the Collateral as evidenced by the Georgia Certificate of Title issued December 8, 2016, which reflects Movant as the party with the "1st Lien or Security Interest" in the Collateral. A true and complete copy of the Georgia Certificate of Title is attached hereto as Exhibit B to the *Motion to Modify the Automatic Stay* filed with this Court on December 6, 2019 (Doc. 21) and incorporated herein.

4.

Movant acknowledges that the Debtor filed a proposed plan that was subsequently modified (Doc. 2 & 17) in which Debtor states that he intends to surrender the Collateral to Movant. As of this Objection, Movant has not received possession of the Collateral from Debtor and neither Debtor nor his counsel has responded to Movant's requests for the return of the Collateral. Indeed, during the 341 meeting Debtor testified that he now intends to retain the Collateral (as recognized by the Trustee's Objections (Doc. 18), but has not filed a plan modification stating such an intention or providing Movant with proposed terms regarding his proposed treatment of Movant's claim.

5.

Movant has no evidence that Debtor is maintaining insurance on the Collateral.

WHEREFORE, Movant Auto Money Title Pawn, LLC respectfully requests that this Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan and for such other and further relief that this Court deems just and proper.

Dated:   December 18, 2019.

                                BROWN LAW, LLC

              By:   /s/
                    Heather D. Brown
                    Georgia Bar No. 100169
                    *Attorneys for Movant*
                    *Auto Money Title Pawn, LLC*

138 Bulloch Avenue
Roswell, Georgia 30075
(404) 994-4300
heather@hdbrownlaw.com

-4-

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing ***Auto Money Title Pawn, LLC's Objection to Confirmation*** using the Bankruptcy Court's Electronic Case Filing Program, which sends notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

S. Elizabeth Hall, Michelle Hart Ippoliti, Karen King, Kelsey Makever, and Melissa Davey.

I further certify that on this day I caused a copy of this same document to be served via United States First Class Mail on the following parties at the address shown for each:

James Marquye Jackson
1991 Acorn Lane
Dacula, Georgia 30019

Dated: December 18, 2019.

By: ___/s/___
Heather D. Brown
State Bar No. 100169